FILED
VANESSA L. ARMSTRONG, CLERK

JUN 05 2018

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA　　　　　　　　　　　　　　PLAINTIFF

v.　　　　　　　　　　　　　　　　CRIMINAL NO. 3:17-CR-0068-TBR

JERLEN HORTON　　　　　　　　　　　　　　　　　DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by Russell M. Coleman, United States Attorney for the Western District of Kentucky, and defendant, Jerlen Horton, and his attorney, Scott Cox, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Superseding Indictment in this case with violations of Title 18, United States Code, Sections 371 (COUNT ONE); 922(g)(1)(COUNTS 6-8); 841(i)(1)(COUNT 9); and 1512(k)(COUNT 10). Defendant further acknowledges that the Indictment in this case seeks forfeiture of all explosive materials involved in the commission of the offense, including two LIDU, 1.3g, 2 inch display shells; two LIDU, 1.3g, 3 inch display shells; and one Legend, 1.3g, 4 inch TI Salute shell. The Indictment further seeks forfeiture of all firearms and ammunition involved in the commission of the offense, including, but not limited to: a Springfield Armory, Model XD-45, .45 caliber pistol, bearing serial number US778792; a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJU22775; and a Glock Model 19, 9 millimeter pistol, bearing serial number BBVZ551 and ammunition.

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to Counts 1, 6, 7, 8, 9, and 10 in this case. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

> Count 1: Between February 25, 2017, and on or about June 27, 2017, in the Western District of Kentucky, the defendant knowingly conspired with his codefendants to obtain firearms which he was prohibited from possessing under 18 U.S.C. 922(g)(1).
>
> Count 6: On or about February 17, 2016, in the Western District of Kentucky, the defendant possessed a Springfield Armory, Model XD-45, .45 caliber pistol, bearing serial number US778792, and ammunition which had been shipped and transported in and affecting interstate commerce. Prior to February 17, 2016, the defendant had been convicted of a felony crime in Jefferson Circuit Court Case Number 13-CR-2412.
>
> Count 7: On or about May 12, 2017, in the Western District of Kentucky, the defendant possessed a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJU22775, and ammunition which had been shipped and transported in and affecting interstate commerce. Prior to this date, the defendant had been convicted of a felony crime in Jefferson Circuit Court Case Number 13-CR-2412.
>
> Count 8: On or about June 27, 2017, in the Western District of Kentucky, the defendant possessed a Glock, Model 19, 9 millimeter pistol, bearing serial number BBVZ551, and ammunition which had been shipped and transported in and affecting interstate commerce. Prior to this date, the defendant had been convicted of a felony crime in Jefferson Circuit Court Case Number 13-CR-2412.
>
> Count 9: On or about June 27, 2017, in the Western District of Kentucky, the defendant possessed explosive materials, that is two LIDU, 1.3g, 2 inch display shells; two LIDU, 1.3g 3 inch display shells; and one Legend, 1.3g 4 inch TI Salute shell which had been shipped and transported in and affecting interstate commerce. Prior to this date, the defendant had been convicted of a felony crime in Jefferson Circuit Court Case Number 13-CR-2412.
>
> Count 10: On or about June 27, 2017, in the Western District of Kentucky, the defendant knowingly conspired with his co-defendants to corruptly obstruct,

influence or impede a proceeding against him concerning the firearm referenced in Count 8.

4. Defendant understands that the charges to which he will plead guilty carries a combined maximum term of imprisonment of 65 years, a combined maximum fine of $ 1.5 million, and a 3 year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit all explosive materials, firearms, and ammunition involved in the commission of the offenses, including two LIDU, 1.3g, 2 inch display shells; two LIDU, 1.3g, 3 inch display shells; and one Legend, 1.3g, 4 inch TI Salute shell; a Springfield Armory, Model XD-45, .45 caliber pistol, bearing serial number US778792; a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJU22775; and a Glock Model 19, 9 millimeter pistol, bearing serial number BBVZ551 and ammunition.

5. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. If defendant persists in a plea of not guilty to the charge[s] against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty

or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B.    At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    C.    At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

7.    Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

8.    Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount $100 per count for felony offenses involving individuals (a total assessment amount of $600) to the United States District Court Clerk's Office by the date of sentencing.

9. At the time of sentencing, the United States will

-recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.

-recommend a fine at the lowest end of the applicable Guideline Range, to be due and payable on the date of sentencing.[1]

-recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

-demand forfeiture of all explosive materials, firearms, and ammunition involved in the commission of the offenses, including two LIDU, 1.3g, 2 inch display shells; two LIDU, 1.3g, 3 inch display shells; and one Legend, 1.3g, 4 inch TI Salute shell; a Springfield Armory, Model XD-45, .45 caliber pistol, bearing serial number US778792; a Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJU22775; and a Glock Model 19, 9 millimeter pistol, bearing serial number BBVZ551 and ammunition. In addition to the firearms and explosives named in the indictment, the United States will demand forfeiture of all firearms and ammunition seized during the November 28, 2017, arrest of the defendant, to include: one Glock, Model 30, .45 caliber pistol bearing serial number PTR359; one Romarm Cugir (AK 47 variant rifle), Model SAR-I, 7.62 caliber rifle, bearing serial number S1596702002; and assorted ammunition.

10. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

    A. The Applicable Offense Level should be determined as follows:

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

| GROUP 1<br>(0 units) | 2K1.3(a)(4) | Base Offense Level | 16 |
|---|---|---|---|
| GROUP 2<br>(1 unit) | 2K2.1(a)(4)(B)<br>2K2.1(b)(1)(4)<br>2K2.1(b)(6)(B) | Base Offense Level<br>(number of guns)<br>(other felony) | 20<br>+2<br>+4 |
| GROUP 3<br>(0 units) | 2J1.2(a) | Base Offense Level | 14 |

| | |
|---|---|
| Combined Offense Level | 26 |
| Acceptance of Responsibility | -3 |
| Adjusted Total Offense Level | **23** |

  B. The Criminal History of the defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

  C. The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

  11. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and

voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

12. Defendant agrees to the forfeiture of any interest he or his nominees may have in the following assets which he owns or over which he exercises control: all explosive materials, firearms, and ammunition involved in the commission of the offenses, including:

-two LIDU, 1.3g, 2 inch display shells

-two LIDU, 1.3g, 3 inch display shells

-one Legend, 1.3g, 4 inch TI Salute shell

-one Springfield Armory, Model XD-45 .45 caliber pistol, bearing serial number US778792

-one Taurus, Model PT111, 9 millimeter pistol, bearing serial number TJU22775

-one Glock, Model 19, 9 millimeter pistol, bearing serial number BBVZ551

-one Glock, Model 30, .45 caliber pistol bearing serial number PTR359

-one Romarm Cugir (AK 47 variant rifle), Model SAR-I, 7.62 caliber rifle, bearing serial number S1596702002

-assorted ammunition.

13. By this Agreement, defendant agrees to forfeit all interests in the properties listed in paragraph 24 and 25 above and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to surrender of title, the signing of a

consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.

14. Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment. Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

15. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

16. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession

of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

18. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

19. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

20. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors

21. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been

or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

RUSSELL M. COLEMAN
United States Attorney

By:

_____        5/20/18
Erin G. McKenzie                                        Date
Assistant United States Attorney


    I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____        28 May 18
Jerlen Horton                                              Date
Defendant


    I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____        28 MAY 18
Scott Cox                                                    Date
Counsel for Defendant


RMC:EGM

10

# FINANCIAL STATEMENT

United States Attorney's Office
Western District of Kentucky



### A. GENERAL INSTRUCTIONS - READ CAREFULLY

The purpose of this form is to give a complete and accurate picture of your financial condition so we may decide how to collect financial claims against you. If you are married, list assets held by your spouse, as well as yourself, and show whether each asset is owned individually or jointly. Before completing and submitting this form, you may discuss it with your own attorney. By completing and signing this financial statement, you acknowledge that the information provided will affect action by the United States Department of Justice and further understand that any false answers can lead to the termination or nullification of any potential settlement agreement reached and/or prosecution for false statements under Title 18, United States Code, Section 1001 (maximum prison sentence of five (5) years and/or a fine of not more than $250,000).

Each question must be answered completely. If the answer is "none", you must state "none." <u>DO NOT</u> leave any question unanswered.

Please date and initial each page, and sign the last page and accompanying Release. If there is insufficient space on the form, please attach additional sheets as necessary, and date and initial each additional page.

### B. ACKNOWLEDGMENT, IF REPRESENTED BY COUNSEL

If I am represented by retained or appointed counsel, I acknowledge having reviewed the foregoing instructions with my counsel. My counsel's name and telephone number: _____

---

Name of Person Completing Form: _____

| First | Middle | Last |
|---|---|---|

My Signature: _____ Date _____

Authority for the solicitation of the requested information includes one or more of the following: 5 U.S.C. §§ 301, 901 (see Note, Executive Order 6166, June 10, 1933); 28 U.S.C. § 501-530A; 28 U.S.C. §§ 1631, 3201-3206; 31 U.S.C. § 3701-3731; 44 U.S.C. § 3101; 28 C.F.R. §§ 0.160, 0.171 and Appendix to Subpart Y; 18 U.S.C. § 3664(d)(3); and Fed.R.Civ.33(p).

The principal purpose for gathering this information is to evaluate your ability to pay the government's claim or judgment against you. Routine uses of the information are established in the following U.S. Department of Justice Case File Systems published in Vol. 42 of the Federal Register, Justice/CIV-001 at page 53321; Justice/TAX-001 at page 15347; Justice/USA-005 at pages 53406-53407; Justice/USA-007 at pages 53408-53410; Justice/CRIM-016 at page 12774. Disclosure of the information is voluntary. If the requested information is not furnished, the United States may seek disclosure through other means.

Revised 1/19/17

Page 1